CHLOE GREEN *v.* W. T. DUVALL, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—819.]

**Contract of Guardian as to Fees for Professional Services.**
> While a guardian may make a contract with an attorney to secure the ward's legal rights, such contract will not control the chancellor in determining the amount of what allowance should be made. Only a reasonable and fair compensation will be allowed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 8, 1886.

OPINION BY JUDGE PRYOR:

This appeal by the appellant is from a judgment on an independent petition by the appellees for the recovery of certain fees evidenced by a written contract for professional services rendered the

infant, W. T. Duvall. While the proceeding is connected with the settlement of the estate of the testator, Crofost, or the accounts of his executor, Goodson, it is by a separate petition although filed in the same action, and we perceive no reason for requiring any statement by the court as to the part of the record to be copied. While the services to the ward were valuable and the litigation such as authorized the employment of both firms, still the contract with the guardian as to the amount of compensation leaves the chancellor with the power to allow only what is a reasonable and just compensation to both firms for the services rendered. Although the interest of the appellant, Green, is remote, that she may be entitled to the estate devised to the infant upon a certain contingency has already been determined by this court, and her right to be heard as to the claim of the appellees should not be denied. Without any opinion as to the value of the services rendered, as one of the parties (the appellant) has not been heard by the court, it must be said that the contract by the guardian, while evidence of the nature of the employment, will not control the chancellor in determining the amount of the allowance, unless from the proof heard it should be deemed a reasonable and fair compensation upon the contingent undertaking by the attorneys. The case is remanded that testimony may be heard on both sides as to the value of the services. We perceive no reason for allowing any other exception to be retried. *Reversed* for proceedings consistent with this opinion.

*Elliott & Hemmingray,* for appellant.

*O. H. Harrison & Geo. M. Davie,* for appellees.